IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 19-CR-253-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. IAN THOMAS FORD
2. ROBYN MARIE FORD

    Defendants.
_____

**DEFENDANTS' JOINT UNOPPOSED MOTION TO EXCLUDE 30 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**
_____

Defendants Ian Thomas Ford and Robyn Ford, by and through their respective counsel, hereby move this Court for an Order to exclude 30 days from the Speedy Trial Act computations and reset the currently-set deadlines and trial dates. In support thereof, they state as follows:

**PROCEDURAL HISTORY**

1. On May 23, 2019, Mr. Ford was charged by indictment with one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g); both Mr. and Ms. Ford were charged with three counts of false statement to a firearms dealer in violation of 18 U.S.C.§§ 922(a)(6), 924(a)(2). Doc. 1.

2. The defendants, who are married, were both arrested on the indictment and released on bond to their home in Colorado Springs. Docs. 11, 26.

3. On June 21, 2019, this Court set a motions deadline of July 5, 2019 and a jury trial to begin August 26, 2019. Doc. 28. At the request of counsel, the motions deadline was extended to July 12, 2019. Doc. 32.

4.     Counsel for both parties have received the discovery in this matter, which includes approximately 105 pages of reports, several surveillance video files, and one large "phone dump" including all calls, texts and data from a phone related to the case. Both counsel have completed the review of the reports. Counsel for Mr. Ford has been unable to access the video data due to application issues but is actively seeking a solution. Both counsel are in the midst of a review of the phone data.

5.     Each counsel anticipates traveling to Colorado Springs to meet with his and her respective clients about the case.

## LAW REGARDING REQUESTS FOR CONTINUANCES

6.     This Court is authorized under 18 U.S.C. § 3161(h)(7) to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  One factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice."  18 U.S.C. § 3161(h)(7)(B)(i).  An additional factor, set forth in 18 U.S.C. § 3161(h)(7)(B)(iv), is whether failure to grant such a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  In evaluating a request for an ends of justice continuance, "the record must clearly establish the district court considered the proper factors at the time such a continuance was granted."  *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009) (quoting *United States v. Gonzales*, 137 F.3d 1431, 1433 (10th Cir. 1998)).  The record must contain an explanation for why the occurrence of the event identified by the moving party as necessitating the continuance results in the need for additional time.  *See id.* at 1271.  Simply stating the event followed by a

conclusory statement that the event necessitates further time does not satisfy the requirements of the Speedy Trial Act.  *See id.* at 1271-72.

7.      In *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987), the Tenth Circuit set forth four factors a court should consider when evaluating if a continuance should be granted: (1) the diligence of the party requesting the continuance, (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the request for continuance, (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance, and (4) the need asserted for the continuance and the harm that could be suffered as a result of the court's denial of the continuance.

## ARGUMENT

8.      Defense counsel's request for a continuance in this case satisfies the criteria set forth in 18 U.S.C. § 3161(h)(7).

9.      The ends of justice served by this requested delay outweigh the best interest of the public and the defendants.  First, proceeding within the current time requirements would deny counsel for the defendants the reasonable time necessary for effective preparation.  The current motions deadline will not allow counsel enough time to meet with their respective clients and fully discuss options and strategies.

10.     Defense counsel's request for a continuance in this case also satisfies the factors set forth in *United States v. West*.

11.     First, both counsel have been diligent in both their review of the discovery and in the timeliness of this request.  Defense counsel has reviewed most of the discovery received, and both are reviewing the large phone data discovery.  Further, defense counsel has shown diligence in this request by making it well before the scheduled jury trial.

12. Second, it is very likely that this continuance would accomplish the underlying purpose of this request. Excluding 30 days from the requirements of the Speedy Trial Act will allow defense counsel the time to fully review the discovery, including discovery not yet received, and also evaluate that discovery for potential pre-trial motion issues and the need for further investigation. This type of thorough evaluation is necessary to advise both defendants as to their options and potential strategies for defense. This 30-day continuance would allow each defense counsel time to have multiple visits with their client to review discovery and discuss strategy, both of which are necessary to providing the defendants with full and effective assistance of counsel.

13. Third, this request will not inconvenience the opposing party or its witnesses. Assistant U.S. Attorney Jason St. Julien has indicated that he does not oppose this motion, and has no known issues with witness availability or scheduling.

14. The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial. The need for the continuance is described throughout this motion. Without the requested continuance the defense will be unable to adequately prepare the case, conduct a complete investigation, or file appropriate motions (if necessary). Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and the defendants' right to be effectively represented in these proceedings will be seriously damaged.

## **CONCLUSION**

Wherefore, Mr. and Ms. Ford, through their respective counsel, respectfully request this Court for an Order vacating all current deadlines and trial date and excluding 30 days from the Speedy Trial Act computations, as authorized by 18 U.S.C. § 3161(h)(7).

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary.Butterton@fd.org
Attorney for Defendant


s/ Sean M. McDermott
Sean M. McDermott
McDermott Stuart & Ward LLP
140 E. 19th Avenue, Suite 300
Denver, CO 80203
(303) 832-8888
(303) 863-8888 (fax)
Email: smcdermott@mswdenver.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2019, I electronically filed the foregoing

**DEFENDANTS' JOINT UNOPPOSED MOTION TO EXCLUDE 30 DAYS FROM THE REQUIREMENTS OF THE SPEEDY TRIAL ACT**

with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Jason St. Julien, Assistant United States Attorney

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Robyn Ford     (Via U.S. Mail)

Ian Ford       (Via U.S. Mail)

s/ Mary V. Butterton
Mary V. Butterton
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

6