IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.: 19-cr-00253-RM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. IAN THOMAS FORD; and,
2. **ROBYN MARIE FORD**,

    Defendants.

## PLEA AGREEMENT

The United States of America ("the Government"), by and through Jason St. Julien, Assistant United States Attorney, and the defendant, Robyn Marie Ford, personally and by counsel, Mary Butterton, submit the following Plea Agreement pursuant to D.C.COLO.LCrR 11.1.

### I. AGREEMENT

**A.  Defendant's Plea of Guilty:**

The defendant agrees to: (1) plead guilty to Count 3 of the Indictment [ECF No. 1], charging a violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), false statement to a firearms dealer; and, (2) waive her appellate rights as set forth below.

**B.  Government's Obligations:**

In exchange for the defendant's plea of guilty, the United States agrees to: (1) recommend the Court give the defendant full credit for acceptance of responsibility per U.S. SENTENCING GUIDELINES MANUAL § 3E1.1, unless the defendant engages in

Court's Exhibit

1

conduct that qualifies for the obstruction of justice enhancement under §§ 3C1.1 and 3E1.1, cmt. n.4, between the time of the guilty plea and sentencing; (2) move to dismiss Counts 2 and 4 of the Indictment [ECF No. 1], as to this defendant, at the Sentencing Hearing; and, (3) not to oppose the defendant's request for a variant sentence of two years supervised probation.

### C.     Defendant's Waiver of Appeal

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria:  (1) the sentence exceeds the maximum penalty provided in the statute of conviction;  (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 13; or, (3) the Government appeals the sentence imposed.  If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255).  This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the

following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

### D. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all property, or portions thereof, subject to forfeiture, pursuant to Title 18, United States Code, section 924(d), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees, or elsewhere. The assets to be forfeited specifically include, but are not limited to: (1) the Riley Defense, Inc., Model RAK-47 rifle, bearing serial number B02755; (2) the Beretta, Model Nano, 9mm pistol bearing serial number NU058596; (3) the Taurus, Model PT111G2, 9mm pistol bearing serial number TJR29273; and, (4) any and all ammunition related to those firearms. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis to establish that the requisite nexus exists between the specific property subject to forfeiture and the offense to which defendant is pleading guilty. Pursuant to the provisions of Rule 32.2(b)(1) of the

FEDERAL RULES of CRIMINAL PROCEDURE, the United States and the defendant request that at the time of accepting this plea agreement, the Court find that the Government has established the requisite nexus and enter a preliminary order of forfeiture.

In addition to forfeiture, the defendant further agrees to relinquish all claim, title and interest he has in the above-mentioned property from the defendant to the United States.

## II.  ELEMENTS OF THE OFFENSE

The parties agree that the elements of the offenses to which this plea is being tendered are as follows:

> *First*: The defendant made a false statement while obtaining a firearm from a licensed dealer;
>
> *Second*: The defendant knew the statement was false; and,
>
> *Third*: The statement was intended to or was likely to deceive about a material fact, *i.e.*, one which would affect the legality of the transfer of the firearm from the dealer to the defendant.

**Note**: The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term also includes the frame or receiver of any such weapon, or any firearm muffler or silencer, or destructive device.

4

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 18 U.S.C. §§ 922(a)(6) is not more than 10 years imprisonment; not more than a $250,000 fine, or both; not more than 3 years supervised release; and a $100 special assessment fee. If a term of probation or supervised release is imposed, any violation of the terms and/or conditions of supervision may result in an additional term of imprisonment.

## IV. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree the facts are as follows:

On April 12, 2019, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Mares and other law enforcement officers interviewed the defendant, Robyn Marie Ford, at her place of employment. Law enforcement officers conducted the interview as follow-up to the arrest of Ford's husband and co-defendant, Ian Thomas Ford, the previous day. Ford gave officers consent to search her vehicle, which her husband was driving at the time. ATF Task Force Officer ("TFO") Boarman searched the vehicle. TFO Boarman recovered a loaded Sig Sauer, Model Mosquito .22 caliber handgun bearing serial number F088947 from the front passenger side glove compartment. The firearm was loaded with a round in the chamber.

During the April 12, 2019 interview with Ford, Ford admitted that she purchased three firearms from licensed dealers and gave them to another person. Ford stated that she and her husband received cash from arranged buyers to purchase firearms for them. Ford and her husband received $100 profit for each gun purchase. Ford stated that she would purchase the firearm from the store then give the purchased firearm(s) to the intended recipient in the store parking lot.

After the interview, Agent Mares retrieved three separate ATF Form 4473s indicating that Ford purchased three firearms from two different stores in El Paso

County: (1) Specialty Sports & Supply, located at 4285 E. Fountain Blvd., in Fountain, Colorado [*March 3 & 4, 2019*]; and, (2) Stop Drop & Shop, located at 3952 N. Academy Blvd., Suite F, in Colorado Springs, Colorado [*March 27, 2019*]. A firearms purchaser is required to fill out the ATF Form 4473 when purchasing a firearm from a federal firearms licensee. The form requires the purchaser to answer several questions. Depending on how the purchaser answers certain questions, the federal firearms licensee may be required to void the firearm sale because the purchaser is federally prohibited from possessing and/or acquiring a firearm. Both Specialty Sports & Supply and Stop Drop & Shop are federal firearms licensees.

According to the three ATF Form 4473s Agent Mares retrieved, Ford purchased the following firearms on the following days:

- On or about March 3, 2019 at Specialty Sports & Supply, located at 4285 E. Fountain Blvd., in Fountain, Colorado, Ford purchased a Riley Defense, Inc., Model RAK-47 rifle, bearing serial number B02755;
- On or about March 4, 2019 at Specialty Sports & Supply, located at 4285 E. Fountain Blvd., in Fountain, Colorado, Ford purchased a Beretta, Model Nano, 9mm pistol bearing serial number NU058596; and,

- On or about March 27, 2019 at Stop Drop & Shop, located at 3952 N. Academy Blvd., Suite F, in Colorado Springs, Colorado, Ford purchased a Taurus, Model PT111G2, 9mm pistol bearing serial number TJR29273.

Among the several disqualifying questions on all three ATF Form 4473s is whether the person buying the firearms is the actual transferee/buyer. Specifically, question 11(a) on an ATF Form 4473 states, in pertinent part:

> Are you the actual transferee/buyer of the firearm(s) listed on this form? **Warning: You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you.**

(emphasis in original). Ford answered "Yes" to the above mentioned question on all three ATF Form 4473s. Based on Ford's admissions to Agent Mares during the April 12, 2019 interview, Ford knew at the time of purchasing all three firearms that she was not the actual transferee/buyer of the firearms. She therefore provided a false statement on all three forms.

Had Ford stated that she was not the actual transferee/buyer of any of the three firearms, the sale would have been automatically cancelled. Thus, Ford's statement would have affected the legality of the transfer of the firearms from Special Sports & Supply and Stop Drop & Shop to her.

8

## VI.   ADVISORY GUIDELINE COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors.  One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission.  In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines.  To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.  The base guideline is § 2K2.1(a)(6)(C) with a base offense level of **14** because the defendant is convicted under 18 U.S.C. § 922(a)(6) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person.

B.  Pursuant to the specific offense characteristic in § 2K2.1(b)(1)(A), the base offense level is increased by two levels because the offense involved between 3 to 7 firearms, *i.e.*, 3.  The resulting offense level is **16**.

C.  No other specific offense characteristics in § 2K2.1(b) apply.

D.  There are no victim-related, role-in-offense, obstruction and/or multiple count adjustments.

9

E.  The defendant should receive a **3-level** adjustment for acceptance of responsibility under § 3E1.1. The resulting offense level therefore would be **13**.

F.  The parties understand that the defendant's criminal history computation is tentative. The criminal history category is determined by the Court based on the defendant's prior convictions. Based on the information currently available to the parties, the Government estimates that the defendant's criminal history category would be **I**.

G.  Assuming the criminal history facts known to the parties are correct, the armed career criminal statute does not apply.

H.  <u>Imprisonment</u>: The advisory guideline range of imprisonment resulting from an offense level of **13** and the above criminal history category **I** is 12 – 18 months. However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the offense level estimated above could conceivably result in a range from 12 months (bottom of Category I) to 41 months (top of Category VI).

In any event, the guideline range would not exceed the statutory maximum applicable to the count of conviction.

I. <u>Fine</u>: Pursuant to guideline § 5E1.2, assuming the estimated offense level of **13**, the fine range for this offense would be $5,500 to $55,000 plus applicable interest and penalties.

J. Pursuant to guideline § 5D1.2, if the Court imposes a term of supervised release, that term shall be at least one year but not more than three years.

K. The parties agree that there is no restitution in this case.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it

deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory guidelines (in length or form), within the advisory guideline range, or above the advisory guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VII.   ENTIRE AGREEMENT

This document, as supplemented, states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the Government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 8/28/19

Robyn Marie Ford
Defendant

Date: 8/28/19

Mary Butterton
Attorney for Defendant

Date: 8/28/19

Jason St. Julien
Attorney for the United States